**KENTUCKY BAR ASSOCIATION, Complainant,**

v.

**L.M. Tipton REED, Jr., Respondent.**

**No. 91–SC–714–KB.**

Supreme Court of Kentucky.

Nov. 21, 1991.

Raymond Clooney, Kentucky Bar Ass'n, Frankfort, for complainant.

L.M. Tipton Reed, Jr., Gilbertsville, for respondent.

ORDER ADOPTING THE BOARD'S RECOMMENDATION AND DISBARRING RESPONDENT

STEPHENS, Chief Justice.

Charges were filed against respondent, L.M. Tipton Reed, Jr., by the Inquiry Tribunal for engaging in unethical and unprofessional conduct while a member of the Kentucky Bar Association. Specifically, respondent was charged with violating SCR 3.130–3.3 which prohibits an attorney from knowingly offering false evidence to a tribunal. Additionally, the Tribunal charged that his conduct was also in violation of SCR 3.130–8.3 which prohibits an attorney from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation. The charges arise from an affidavit signed by respondent while being retained by Donna Jean Nessler to represent her in a criminal matter. In connection with this representation, respondent signed an affidavit which stated in part:

"At the conclusion of the Commonwealth's proof in the jury trial, Judge Daughaday informed the affiant that if the defendant, Donna Jean Nessler, would pay $75,000 in restitution, probation would be granted."

Later, Judge John T. Daughaday denied making any such statements to the defendant. On that same date, respondent signed an additional affidavit concerning restitution and probation in the Nessler case in which respondent stated that all discussions concerning the matter were made in the presence of the Commonwealth's Attorney and defense counsel.

Formal charges were issued against the respondent on April 3, 1991, by the Inquiry Tribunal. The charge was served on the respondent on May 6, 1991. Pursuant to SCR 3.200, respondent had twenty (20) days from this date to file a formal response to the charge. Furthermore, via Rule 8.04 of the Kentucky Rules of Civil Procedure (made applicable to these proceedings pursuant to SCR 3.300), respondent, by lack of a formal response, was deemed to have admitted all averments in the charge. By order of the Inquiry Tribunal, under the default provision of SCR 3.210, this case was sent to the Board of Governors and was subsequently reviewed on July 20, 1991. During this meeting, the Board additionally reviewed an order dated September 12, 1991, which was prepared by Special Judge William L. Shadoan, who took over the case after Judge Daughaday recused himself. The order stated in pertinent part:

"Mr. Reed has now submitted a second affidavit and testified in court denying that the Graves Circuit Judge was involved in any discussions of restitution or money, but that he was present when some of these negotiations were taking place between the defendant and the Commonwealth. The Commonwealth's Attorney and the court have both denied that the court was involved in the discussion of restitution."

A vote of the Board of Governors was taken concerning the guilt or innocence of respondent and the Board found by a vote of 11–0 that respondent was guilty of violations of SCR 3.130–3.3 and SCR 3.130–8.3. Upon consideration of what discipline the Board should recommend, there was a review of respondent's prior discipline which includes: One year suspension in 11–3–81; two year suspension in 11–3–81; two year suspension in 4–20–82; six month suspension in 9–12–84; and four year suspension in 11–29–90. Upon the foregoing, the Board of Governors of the Kentucky Bar Association recommended to this Court that the respondent was guilty of the charges brought against him and that he be disbarred from the practice of law in the Commonwealth of Kentucky.

The evidence against respondent is sufficient to sustain the findings that the respondent knowingly offered false evidence to a tribunal and engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation; conduct which violates SCR 3.130–3.3 and 3.130–8.3.

WHEREFORE, IT IS ORDERED that the respondent be and he is hereby disbarred from the practice of law in the Commonwealth of Kentucky and respondent's disbarment shall be effective with the entry of this Order.

The respondent is ordered to notify all courts in which he has matters pending, all clients for whom he is actively involved in litigation, and similar legal matters, of his inability to continue to represent them and of the necessity and urgency of promptly retaining new counsel. Such notification shall be by letter duly placed in the United States Mail within ten (10) days of the date of this order, and respondent shall simultaneously provide a copy of all such letters to the director of the Kentucky Bar Association.

The respondent shall seek reinstatement only under the provisions of SCR 3.520, and the respondent shall pay the costs of this action.

This order shall constitute public record.

All concur.